UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-80107-CR-ROSENBERG

UNITED STATES OF AMERICA

vs.

DAYNE ANTANI CHRISTIAN,
a/k/a "Shakur,"

                Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Dayne Antani Christian (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts One and Five of the Indictment charging him with Conspiracy to Provide Material Support to a Foreign Terrorist Organization (Islamic State of Iraq and the Levant), in violation of Title 18, United States Code, Section 2339B(a)(1) and Being a Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1), respectively.

2. This Office agrees to seek dismissal of Counts Two through Four and Six of the Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing

Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that as to Count One, the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of any term of years or life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000. As to Count Five, the Court may impose a statutory maximum term of imprisonment of up to ten (10) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000. The defendant acknowledges that the Court may also impose criminal forfeiture.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 per count of conviction ($200.00 total) will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be

required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

9. The United States and the defendant agree that, although not binding on the probation office or the Court, that the upward adjustments of Guidelines § 3A1.4 (offense is a felony that involved or was intended to promote a federal crime of terrorism) apply to the defendant's base offense level and criminal history category.

10. The United States and the defendant agree that, although not binding on the probation office or the Court, that they will jointly recommend that the Court order that the sentences imposed on Counts One and Five run concurrently. The United States will only be required to make this recommendation if the defendant cooperates fully with the United States as set out in paragraphs 11 and 13 of the Plea Agreement.

11. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; and (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office.

12. The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to the following property pursuant to Title 18, United States Code, Section 924(d), which are being forfeited by the FBI:

   a. One (1) Mossberg International 715P .22 caliber semi-automatic pistol, bearing Serial Number EMJ3965915;

   b. One (1) Romanian AK-47 style assault rifle, bearing Serial Number MF9479.

   c. One (1) Marlin .22 caliber rifle, bearing serial number 91458788.

13. The defendant also further agrees to fully cooperate and assist the Government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, the surrender of documents of title, execution of any documents necessary to transfer his interest in any of the above property to the United States,

5

execution of a consent to forfeiture or other documents as may be needed to fully accomplish the forfeiture and vest title in the United States.  Defendant further knowingly and voluntarily waives the following rights as to assets subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claim of double jeopardy, whether constitutional or statutory; (4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of these assets by the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this plea agreement.  Defendant further understands that the forfeiture of such property shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this court may impose on the defendant.

14.     This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing.  If, in the sole and unreviewable judgment of this Office, the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced.  The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any

6

such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

15. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

16. This Office represents that the undersigned prosecutor is unaware of any information establishing the factual innocence of the defendant in the offenses referred to in paragraph one of this agreement. This Office understands it has a continuing duty to provide such information establishing factual innocence of the defendant. The defendant understands that if this case proceeded to trial, this Office would be required to provide impeachment information relating to any informants or other witnesses. In addition, if the defendant raised an affirmative defense, this Office would be required to provide information in its possession that supports such a defense. Further, if this case proceeded to trial, this Office would be required to provide other information and materials in accordance with Fed. R. Crim. P. 16 and the Southern District of Florida's Standing Discovery Order. In return for the Government's promises set forth in this agreement, the defendant waives the right to receive in discovery any such information and materials other than information and materials establishing the factual innocence of the defendant, and agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of such information and materials other than information and materials establishing the factual innocence of the defendant.

## SENTENCING APPEAL WAIVER

17. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

18. Defendant further understands that a breach by him of any condition of this plea agreement may render this agreement null and void at the option of the United States. He further understands that should that occur, the United States may refile the charges dismissed pursuant to Paragraph 2 above and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have resulted.

19. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

Date: 3/29/17    By: *[signature]*
EDWARD C. NUCCI
ASSISTANT UNITED STATES ATTORNEY

Date: 3/29/17    *[signature]*
MICHAEL SALNICK
ATTORNEY FOR DEFENDANT

Date: 3/29/17    *[signature]*
DAYNE ANTANI CHRISTIAN
DEFENDANT

9