UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  16-CR-80107-RLR

UNITED STATES OF AMERICA

        Plaintiff,

vs.

DAYNE CHRISTIAN,

        Defendant.

_____/

## SENTENCING MEMORANDUM

On March 30, 2017, the Defendant, DAYNE CHRISTIAN, entered pleas of guilty to one count of Conspiracy to Provide Material Support to a Foreign Terrorist Organization and one count of Felon in Possession of a Firearm.  The defendant has been incarcerated since his arrest..

This Memorandum is being filed pursuant to Rule 32 of the Federal Rules of Criminal Procedure.

## PERSONAL BACKGROUND

The Defendant, originally from St. Thomas, United States Virgin Islands, was raised by his mother.  Along with his mother and three (3) siblings they relocated to mainland United States in 1989 to escape the physical abuse his family suffered at the hands of his biological father.  The Defendant and his siblings received no financial or emotional support from their father; he was never there for them.  He also was physically abusive to the Defendant's mother, Lynnette Christian.  The Defendant graduated from Palm Beach Lakes High School in 2002 and upon graduation entered the work force where he has remained continuously employed.  He has

worked for Federal Express, Sysco, Best Loading Service and eventually, Tropical Shipping. While employed at Tropical, he received his Certificate of Completion for his success in the area of the Transportation of Hazardous Materials compliance safety and security training.

He is the biological father of Darriyan Antani Christian from his prior relationship with Shana Chantel Ransom. The Defendant is currently married to Sofia Flores and had been together for six years prior to their marriage. They have a five year old son (Nakir) together and the Defendant had become a father to Sofia's two other children from a previous relationship. They have all combined together as a close loving family.

In the experience of the undersigned counsel, many people facing a potential prison sentence tend to reflect on what brought them to this position; feeling sorry for one's self is often the norm. It is the rare person who reflects back on circumstances that have nothing to do with what they are potentially facing but more to do with the person they have become. This is where Dayne Christian stands apart from the great majority of people in his position. His most candid and insightful reflection on his life demonstrates the great depth of his positive character. **(His desire to make things right immediately following his arrest is indicative of his character.)**

Dayne Christian's ability to comment on the sexual abuse suffered as a child and how he attempted to protect his younger brother from similar abuse shows how he has been able to overcome this tragic event and move forward. His love for his family is immeasurable. **It was only recently that he disclosed the fact that he was also sexually assaulted for years by a babysitter. Because she was a family friend she was never prosecuted.** This same person also victimized the Defendant's younger brother on two occasions. While incarcerated the Defendant also had to endure the recent homicide of his nephew Chauncey Christian Watson. The Defendant was close with Chauncey as Chauncey was growing up and was devastated. This

was his sister's child.   Efforts to attend the funeral were not possible due to his current circumstances.

The Defendant's relationship with his sons have always been very special.     The Defendant spent a substantial amount of time with his sons and has been there for all special events in their lives.  Because of what the Defendant had to endure, he has made sure the love, attention and time spent with his children was his first priority.   This is in addition to the financial support he has provided.

The Defendant has enjoyed a special relationship with his mother Lynnette.  Due to the problems with the Defendant's biological father, the bond between the Defendant and his mother has always been a strong one.  The circumstances surrounding the Defendant's arrest proved particularly embarrassing for the Defendant's mother, who has worked for the United States Marshall's service for over 30 years.   The Defendant has come to understand the difficult position he placed his mother in by his conduct.   As would be expected, their love has transcended this.  They have all grown closer as a result of the Defendant's arrest.  They know that whatever punishment the Defendant receives will be fair and just.

## ACCEPTANCE OF RESPONSIBILITY

The Defendant regrets the decisions and choices he has made that bring him before this Court and **has accepted full responsibility for his actions**.

The Defendant is hopeful the government will make a §5K1.1 motion on his behalf requesting a reduction in his sentence. **The Defendant is also requesting a variance from the applicable advisory sentencing guideline range through counsel.**

3

## MEMORANDUM OF LAW

The Defendant is asking this Court to fashion a reasonable sentence and would ask that those matters in Title 18, United States Code, § 3553(a), be considered.  Title 18, United States Code, § 3553(a) provides, in relevant part:

**Factors to be considered in imposing this sentence** – the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider-

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed:

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the kinds of sentence and sentencing range established …;

(5)     any pertinent [Sentencing Commission] policy statement …;

(6)     the need to avoid unwarranted sentence disparities among the defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

## REQUEST FOR VARIANCE FROM ADVISORY GUIDELINE RANGE PURSUANT TO TITLE 18, UNITED STATES CODE § 3553, AND BOOKER VS. UNITED STATES, 543 U.S. 220 (2005)

The Defendant would respectfully submit that a variance from the applicable advisory Guideline Range is appropriate in this case.  In the Sentencing Reform Act of 1984, Congress set

forth a number of factors to be considered by Courts in determining an appropriate sentence. One such factor was the guideline sentence.

In <u>Booker</u>, *supra,* the position of the Sentencing Reform Act that required sentencing courts to follow the guidelines the Court changed to an "Advisory" regime under which the Guidelines should still be considered by Courts, but do not automatically control the ultimate sentencing determination. As Justice Bryer observed, this new discretionary regime "requires a sentencing court to consider Guideline ranges, *see* § 3553(a)(4) (Supp. 2004), that permits the Court to tailor a sentence in light of other statutory concerns as well. *See* § 3553(a) (Supp. 2004), and *United States vs. Booker*, 125 S. Ct. 757. The result was the Supreme Court authorizing sentences to fall outside the Advisory Guideline range, so long as such a sentence was reasonable. The undersigned counsel would respectfully submit that the advisory guideline sentence of 292 - 365 months is excessive in this case and does overstate the criminal history and background of the defendant.

## THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT,, 18 U.S.C. § 3553(a)(1)

The Sentencing Reform Act instructs the Court to consider the "nature and characteristics of the offense." 18 U.S.C. § 3553(a)(1). The Court should look past the four corners of the offense conduct portion of the Pre-Sentence Investigation report to define the real conduct which Mr. Christian has pleaded guilty, accepted full responsibility for, and has been convicted. In *United States vs. Booker*, 125 S. Ct. 759, it was noted that "The Federal sentencing system depends for its success upon judicial efforts to determine, and to base punishment upon, the real conduct that underlies the crime of conviction."

The Sentencing Reform Act also instructs the Courts to consider the "history and characteristics of the defendant." Apart from consideration of criminal history, the mandatory

Guidelines gave Courts little room to satisfy this statutory mandate, and almost no room to consider the positive traits of an accused.  In rendering the Guidelines advisory, *Booker*, *supra*, properly restored the Court's discretion to take into account the whole person and that person's background and history when meting out punishment.  *See,* generally, *United States vs. Ramum*, 353 F. Supp. 2d 986:  "In cases in which the defendant's history and character are positive, consideration of all the § 3553(a) factors might call for a sentence outside the Guideline range."

Mr. Christian's conduct in this case is clearly a product of what he did, what he decided, and how he chose to handle himself.  He is nevertheless hoping that he will receive a fair sentence based on his background and cooperation.

While the undersigned counsel acknowledges and recognizes the Guidelines declaration that mental and emotional[1] issues are "not ordinarily relevant" to the sentencing decision (*see* United States Sentencing Guideline § 5H1.3 (2001)), under the Sentencing Reform Act, such circumstances are pertinent to the determination of the appropriate sentence.  As a result, the physical and sexual abuse the Defendant both observed, suffered and lived through, throughout his younger years, at the hands of family members and trusted caregivers caused extreme emotional and mental turmoil on the Defendant.    In addition, the Defendant's nephew's homicide was devastating.  The undersigned would ask that this Court also consider this for purposes of sentencing.  There will also be other reasons raised at the time of the hearing for the court to consider.

## THE NEED FOR THE SENTENCE IMPOSED, 18 U.S.C. § 3553(a)(2)

The Defendant is cognizant of the fact that the Court must fashion a sentence that reflects the seriousness of the offense, promotes respect for the law and provides just punishment. However, in devising such a sentence, the Defendant is also requesting a sentence which will

---

[1] With respect to the abuse by his biological father, sexual abuse by a caretaker and the recent murder of his nephew

give him the opportunity to return to his family and the workforce in order to continue to be a productive member of society.

The Defendant would submit that upon closer inspection his record is replete with traffic crimes. While the Defendant in no way undermines the seriousness of traffic offenses and their impact on society, the undersigned would respectfully submit Dayne Christian is not a danger to the community and is unlikely to reoffend.[2]

## PROPORTIONALITY

In terms of proportionality and fairness the Defendant would submit that the sentence received should be less than that received by co-defendant Hubbard. While the Defendant understands and appreciates the fact that the government will be making a sentencing recommendation, the Defendant would submit that consideration for a fair and reasonable sentence should start at the twelve years jointly recommended by the government for co-defendant Hubbard. The government and counsel for the Defendant met on May 7, 2018 to discuss these matters and to resolve any factual issues contained in the defense PSI objections.

## LETTERS

While a number of people will speak on the Defendant's behalf at the time of sentencing, the following letters are attached for this court's consideration

- Letter from the Defendant's wife, Sofia Flores.

- Letter from the Defendant's mother, Lynette Christian.

In addition, the Defendant will offer some witnesses at the time of sentencing who will testify on the Defendant's behalf.

---

[2] A misdemeanor weapons offense was dismissed and he proceeded to trial and was found not guilty of a misdemeanor trespass.

For all the above referenced reasons, the Defendant would respectfully request that in addition to any request for a reduction in sentence, the government may request that the Defendant also be granted a variance from the appropriate guideline score.

## **CONCLUSION**

Given the vast amount of post-*Booker*, *supra*, case law, the Defendant would submit that this Court has the authority, discretion and the inherent ability to sentence him below the Advisory Guideline range. "Under the Advisory Guidelines, a sentencing court is free to consider any fact relevant to § 3553(a). A Court is not barred by the fact that a particular factor is discouraged or even forbidden by the Guidelines." *See United States vs. Zavala*, 443 F. 3d 1165 (9th Cir. 2006). Moreover, no special weight is to be given to the Advisory Guidelines as opposed to the other factors mentioned in the above-referenced statute. While a District Court "must properly use the guideline calculation as advisory and start there, they must not accord it greater weight than any of the Section 3553 factors. The court must consider all information before as done formerly, and then reach the correct sentence under all circumstances." *Zavala*, rehearing en banc granted by, *United States vs. Carty*, 462 F. 3d 1066 (9th Cir. 2006).

Courts clearly do not put the Guidelines in any special priority above Section 3553(a) factors. *See United States vs. Cull*, 446 F. Supp. 2d 961 (E.D. WI 2006); *United States vs. Jaber*, 362 F. Supp. 2d 365 (D. Mass. 2005); *United States vs. Moreland*, 366 F. Supp. 2d 416 (S.D. W. Va. 2005), and *United States vs. Biheiri*, 356 F. Supp. 2d 589 (E.D. Va. 2005) ["No individual factors singled out as having greater weight; instead, the richness of factual diversity in cases calls on some sentencing judges to consider all of the factors and to accord each factor the weight it deserves under the circumstances.]"

In *United States vs. Cherry*, 487 F. 3d 366 (6th Cir. 2007), a defendant was convicted of possessing child pornography. The Guideline range was 210 to 262 months. He was sentenced to 120 months, which was a 43 percent variance from the Guidelines. The Court noted, in rejecting the Government's argument that the sentence violates the Congressional Rule as expressed in the Guidelines, that such argument, "Would give too little effect to the parsimony provision of § 3553(a) – that the District Court impose a sentence 'sufficient, but not greater than necessary' to comply with § 3553(a)(2)." In 2007, the United States Supreme Court decided *Rita vs. United States*, 127 S. Ct. 2456 (2007), and noted, "The sentencing Court does not enjoy the benefit of a legal presumption that the Guideline sentence should apply." The seventh circuit, in *United States vs. Sachsennaier*, 491 F. 3d 680 (7th Cir. 2007), a post-*Rita*, *supra*, case noted: "The District Courts must calculate the Advisory Sentencing Guideline range accurately, so that they can derive whatever insight the Guideline has to offer, but ultimately they must sentence based on Title 18, United States Code § 3553(a), **without any thumb on the scale favoring a Guideline sentence.**" These cases reemphasize the importance of 3553(a) factors when sentencing.

**For all the above-referenced reasons, the Defendant would respectfully request he be granted a variance from the applicable Advisory Guideline Sentence.**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by Electronic Transmission via CM/ECF,  to Edward Nucci, Assistant United States Attorney, 99 NE 4th Street, Miami, Florida 33132 this 9th  day of May, 2018.

LAW OFFICES OF SALNICK & FUCHS, P.A.
1645 Palm Beach Lakes Boulevard, Suite 1000
West Palm Beach, Florida  33401
Telephone:  (561) 471-1000
Facsimile:  (561) 659-0793


_/s/ Michael Salnick_
MICHAEL SALNICK, Fla. Bar #270962

**LETTERS**

May 5th, 2018

## Paul G. Rogers Federal Building and U.S. Courthouse

701 Clematis Street, Room 202
West Palm Beach, FL 33401

Re: Character References -Dayne Christian

Honorable Judge,

I, Sofia Maritza Diego Flores, am writing this letter to explain to you what Dayne is and, means to me. I have known Dayne for over 10 years and have been married for the last 4 years so for those reason I believe it puts me in a position to provide you with a rather unique, albeit personal assessment of his character. I couldn't have ever been blessed with such a loving, caring husband. His not only my husband most importantly his my best friend. to me his my everything. His all that I have. We are our family... before this situation happened I spent all my time with him. So if anyone can speak on his character is me. His a hard worker, a provider and, a great father. I myself know that I could never find someone who has been there for me like he has and, will continue to be there. I have been throughout some really strong things in my life and, my husband has been the only support that I have had. Currently it still remains the same. I truly feel empty without him. As a husband he is the best. He's of good moral character, honest, loyal and extremely considerate. Dayne is also supportive person in each way. Who has the ability to see and understand things from any persons perspective. Consequently, he has great empathy for others. He is also a great direct communicator and knows how to raise and discuss common issues and problems in a non-threatening manner.

Your honor Dayne is the most incredible person I have ever met in my 32 years of life. His not just my husband he is literally my best friend. I can and have spent every minute of the day with him. He is a very interesting individual. He is a great father to all his children . I truly understand that my husband has made his mistakes. And most importantly he understand the mistakes he has made. Your honor this has been very difficult on the whole family. I can write a whole book on everything that has happened in this past couple of year that my husband has been away. It

has also been a learning experience for both he and I. His a very exceptional person. He loves working out, so to hear how his helping others with fitness is really his niche. I have family members of others in this situation approach me all the time about with work ethics. and how he has help their love ones. I can go on and on about how he was in the past. I am speaking more on his current situation because I feel like this is what matters in this moment.

Dayne is a great person. I believe in him because I know who he is and, I myself know that he can do so much good not just for his family but also for our community. Him being aways has really opened his mind to giving back. We really didn't understand how difficult all this would be, I mean..... Know   and thinking are to different things and I sincerely don't wish what I am going through on anyone. Especially when you know that they have so much good to give. I thank you for taking the time to read my letter. And again there is so much I can say about this amazing man that I have the honor to call my husband. But for me its not about that its about my friend. Dayne has shown my what a friendship is. I will ALWAYS be there for him.

In closing your honor this is all just my truth. I don't want to come off like OMG his so great, but to me..... Sofia he is! He has contribute to the person that I am today. So I ask of you to please take everything that I have said in this letter into consideration.Once again Thank you so much in Advanced for just reading my letter.


Respectful,

Sofia Maritza Diego Flores

2 May 2018


The Honorable Robin L. Rosenberg
United States District Court Judge
Southern District of Florida
701 Clematis Street
West Palm Beach, FL  33401


Good Morning Your Honor,

I would like to take this opportunity to first introduce myself to you.  My name is LynNette A. Christian.  For the past 38 years I have been employed by the United States Marshals Service in numerous job positions.

My career began in August 1979 and it is my intention to retire from this career in December 2018.  As an employee with this agency, I have had the privilege to work closely with fellow federal law enforcement agencies along with the judicial families in the Southern District of Florida and the United States Virgin Islands.

As I look back over the years and reflect on the relationships established and nurtured during my career I am filled with so many memories. As I approach my retirement which is on the horizon, I am also filled much sadness.  There are some memories that I will always remember, some I am grateful that I was able to overcome and also some that I will never forget. Some of these memories are bittersweet in nature; some I never anticipated nor expected.   The last five years has been the most challenging years of my entire life.  It has caused a sense of being in deep distress facing a situation that feels like the blackest of nights.  As the days turned into weeks and months and now years, I have waited for this day with an anticipation of hope that what I have been waiting on will bring some rays of light.

My son, Dayne Christian, is before you today for the rendering of his sentence on charges brought before this court against him.  Over the last twenty-two months of his confinement, I have witnessed firsthand the suffering, the agony and the damage that this situation has caused the family.

As his mother, I know what it feels like to want to be a part of your family.   I raised Dayne as a single mother from the age of four and I know how much of a detriment it is to a child to have an absent parent.

As his mother, it pains me to watch him suffer, hear his cries of distress, see the naked pain in his eyes as he holds and hugs his children, his daughter who desperately needs her father in her life.

As his mother, I know that the time he has spent in solitary confinement has left him broken and bruised. I remember when I received the news, I remember the nights that became days when I was full of grief and turmoil; the days when I remotely just got by. I would get up aimlessly and go through the motions of the day, relentless thinking about Dayne.

My peace has been my personal relationship with God. I pray for my son, his family and all the things that concerns him.

God does answer prayers. During this time, Dayne and I have developed a better relationship. We do not agree on everything; however we have learned to "agree to disagree".
We had been through some very serious situations, some I never fathomed I would in my life. I can say today that I am so grateful to God for keeping my son when he didn't feel like he could. For the days that I left visiting him and could hardly see through my tears....for the nights I cried so much, oh, I did but I was constantly in prayer for my son. I was praying!

As a mother, I have made so many sacrifices for the sake of my family. Sometimes, I fell short and have had to learn from a lot of mistakes I have made in parenting. I have learned that as a mother, I could never be a father and when I realized that I stopped being so hard on myself. I raised my sons and daughter and I did what I could do to keep my family together.

I never gave up on them, I cannot give up on Dayne.

Dayne is a wonderful young man, hardworking, motivated and grounded. This situation has been a force to reckon with. He befriended someone who was not a friend. This decision has cost him time away from his family that he can never recover in his life. He knows this.

As his mother, I respectfully would like to make an appeal to you, Your Honor. My appeal to this court is that you allow my son to have a time served sentence or probation. My appeal to you today, Your Honor, is that you would allow him the opportunity to able to be there for his children.   They deserve to have their father present in their lives and for him to be an integral part of their lives. His family needs him: he has a wife, four sons and a daughter. For the sake of the children, we as family have to do anything and everything that we can to help to raise children who needs to have the opportunity, the fair chance to have a solid family, a mother and a father, to raise them. He is needed at home with his children so that he can be there for them. He can teach his sons how to be men of valor and respect.

Our family is suffering ...but I cannot give up on my children, my family. I have had to go through some serious times...some heart stopping tragedies and disappointments. On February 19, of this year at approximately 12 noon my eldest grandson, Chauncey was murdered ...he leaves behind a three year old son. I never dreamed that anyone of my children would precede me in death. Chauncey's father is currently incarcerated in a state institution. Since he was five years old he did not have his father in his life.

Dayne's children needs him.  He needs a chance an opportunity to be there for his family. As his mother, I need him, the family chain was broken two years when he was arrested; another link has been broken with the death of my grandson.

Today, your decision with regards to his sentence is vital.  Please help me to rekindle with my son.   Please help him to be able to move forward in his life, leaving the past behind.  This was a life changing experience.......for all of us who love and care for him.  I know he has learned his lesson.  Please give him the opportunity to prove this to this court but more importantly, to his family.

Respectfully submitted,

LynNette A. Christian
1188 Fernlea Drive
West Palm Beach, FL  33417