UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-CR-80107-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAYNE ANTANI CHRISTIAN,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE MOTION FOR A REDUCTION OF SENTENCE

This cause comes before the Court upon a letter from LynNette A. Christian on behalf of her son, Defendant Dayne Antani Christian. DE 324. Ms. Christian asks the Court to commute her son's prison sentence to time served in light of the COVID-19 pandemic. The Court construes Ms. Christian's letter as a Motion by Defendant for a Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant is presently serving a 96-month term of imprisonment for conspiracy to provide material support to a foreign terrorist organization and for being a felon in possession of a firearm. *See* DE 311.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

"Exhaustion of administrative remedies may be either mandated by statute or imposed as a matter of judicial discretion." *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). The Supreme Court has declared that, "[w]here Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992), *superseded in part by statute on other grounds*, Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 42 U.S.C. § 1997e, *as recognized in Porter v. Nussle*, 534 U.S. 517, 524 (2002); *see also Coit Indep. Joint Venture v. Fed. Sav. & Loan Ins. Corp.*, 489 U.S. 561, 579 (1989) ("Our past cases have recognized that exhaustion of administrative remedies is required where Congress imposes an exhaustion requirement by statute."). "[M]andatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016) (explaining that judge-made exhaustion doctrines are "amenable to judge-made exceptions," but that "a statutory exhaustion provision stands on a different footing" because "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to"); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (stating that "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

The Eleventh Circuit Court of Appeals has echoed the Supreme Court on this point. *See Alexander*, 159 F.3d at 1326 (stating that "where Congress specifically mandates, exhaustion is

2

required" (alteration and quotation marks omitted)). "Mandatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply." *Id.*; *see also Myles v. Miami-Dade Cty. Corr. & Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012) ("Because exhaustion is mandated by the statute, we have no discretion to waive this requirement."). "[T]he courts cannot simply waive those requirements where they determine they are futile or inadequate." *Alexander*, 159 F.3d at 1326; *see also Ga. Power Co. v. Teleport Commc'ns Atlanta, Inc.*, 349 F.3d 1047, 1050 (11th Cir. 2003) (explaining that "courts cannot waive an exhaustion requirement on the basis of futility where Congress specifically mandates exhaustion"); *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 780 (11th Cir. 2002) (stating that exceptions to exhaustion such as futility or inadequacy "do not apply to a statutorily-mandated exhaustion requirement").

A judicially developed exhaustion requirement, on the other hand, may be excused by a court under certain circumstances as a matter of judicial discretion. *See McCarthy*, 503 U.S. at 144-46. In exercising that discretion, a court "must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *Id.* at 146. Circumstances in which an individual's interest may weigh against requiring exhaustion include (1) where "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a state court action," such as prejudice "from an unreasonable or indefinite timeframe for administrative action" or "irreparable harm if [the plaintiff is] unable to secure immediate judicial consideration of his claim"; (2) where there is "some doubt as to whether the agency was empowered to grant effective relief"; and (3) "where the administrative body is shown to be biased or has otherwise predetermined the issue before it." *Id.* at 146-48 (quotation marks omitted).

In *Washington v. Barr*, the Second Circuit Court of Appeals stated: "Even where exhaustion is seemingly mandated by statute or decisional law, the requirement is not absolute." 925 F.3d 109,

3

118 (2d Cir. 2019).  The Second Circuit, however, provided no support for the proposition that an exhaustion requirement that is mandated by statute is not absolute.  *See id.*  Elsewhere in the opinion, in fact, the court cited to the Supreme Court's declaration in *McCarthy* that, "'Where Congress specifically mandates it, exhaustion is required.'"  *Id.* at 116 (alteration omitted) (quoting *McCarthy*, 503 U.S. at 144).  The court in *Barr* examined a situation in which the text of the statute at issue, the Controlled Substance Act, did not mandate exhaustion of administrative remedies.  *See id.*  But, "as a prudential rule of judicial administration," the court nevertheless required exhaustion before the Drug Enforcement Administration prior to a lawsuit challenging the classification of marijuana as a Schedule I controlled substance, concluding that exhaustion was consistent with congressional intent and was "eminently sensible."  *Id.* at 115-18.  The court then stated that exhaustion that "is seemingly mandated by statute . . . is not absolute."  *Id.* at 118.  The court's use of the word "seemingly" may have been a reference to an exhaustion requirement that, while not explicitly provided for in the statutory text, is consistent with the statutory purpose and congressional intent and therefore should be imposed as a matter of judicial discretion.  *See id.*  In any event, even if a statutory exhaustion requirement is not absolute in the Second Circuit, this Court is bound to follow Eleventh Circuit precedent, which, as stated above, holds that exhaustion is required when mandated by Congress.  *See, e.g.*, *Alexander*, 159 F.3d at 1326.

Here, the Court is faced with an exhaustion requirement in § 3582(c)(1)(A) that Congress has mandated.  Unless the Bureau of Prisons ("BOP") itself moves for a sentence modification, a court "may not modify a term of imprisonment" unless the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or has waited "30 days from the receipt of such a request by the warden of the defendant's facility,"

4

whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).  The language that Congress chose to use is clear and unambiguous.  The Court cannot read exceptions into § 3582(c)(1)(A).

The Court is mindful that district courts across the country are split on this issue.  Some courts have considered congressional intent and have concluded that, given the situation with the COVID-19 pandemic, Congress would not intend § 3582(c)(1)(A)'s exhaustion requirement to apply rigidly.  Some courts, operating under circumstances where the Government has waived exhaustion, have ruled that § 3582(c)(1)(A)'s exhaustion requirement can be waived.[1]

However, after considering the binding precedent cited above, the Court concludes that it cannot excuse a defendant's failure to exhaust administrative remedies before the BOP prior to seeking relief under § 3582(c)(1)(A).  *See United States v. Raia*, 954 F.3d 595, 597 (3d Cir. 2020) (explaining that a defendant's failure to comply with § 3582(c)(1)(A)'s exhaustion requirement "present[ed] a glaring roadblock foreclosing compassionate release").

Compliance with § 3582(c)(1)(A) does not cause an indefinite, or even a particularly long, delay for a prisoner to seek a sentence modification from a court.  The statute places a limit on the time given for the BOP to act.  If the BOP has not acted on a request after 30 days, the prisoner may then file a motion with a court.  If the BOP denies the prisoner's request in fewer than 30 days, the prisoner may turn to the court immediately.

---

[1] In other cases in which this Court has been presented with motions for sentence reduction, the Government consistently has refused to waive § 3582(c)(1)(A)'s exhaustion requirement.  *See, e.g.*, *United States v. Alexander*, 1:14-cr-20513-RLR (S.D. Fla.) (docket entry 78); *United States v. Burkes*, 9:18-cr-80113-RLR (S.D. Fla.) (docket entries 48 and 52); *United States v. Hendry*, 2:19-cr-14035-RLR (S.D. Fla.) (docket entry 187); *United States v. Peterson*, 2:17-cr-14070-RLR (S.D. Fla.) (docket entry 55); *United States v. Reason*, 2:16-cr-14002-RLR (S.D. Fla.) (docket entry 330); *United States v. Van Deurzen*, 2:15-cr-14075-RLR (S.D. Fla.) (docket entry 76).  If the Government maintains that it can waive the exhaustion requirement and if it determines to waive the exhaustion requirement in this case, the Government shall file a Notice to that effect within two business days of the date of this Order.

Defendant's Motion for a Reduction of Sentence is silent on the issue of whether he exhausted administrative remedies before the BOP prior to filing the Motion.  Before the Court will consider the merits of any release request, Defendant must demonstrate that he exhausted administrative remedies as § 3582(c)(1)(A) requires.  The Court is sympathetic to the hardships that imprisonment creates and understands that Defendant has legitimate concerns about the spread of COVID-19.  But the Court notes that the BOP possesses greater knowledge about the conditions within its prisons, its response to the pandemic, and the adequacy of release plans.  The BOP should be given the first opportunity to respond to Defendant's request for a sentence reduction.  For all of these reasons, Defendant's Motion for a Reduction of Sentence is denied without prejudice for Defendant to exhaust administrative remedies before the BOP and to provide proof of the same.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Dayne Antani Christian's Motion for a Reduction of Sentence [DE 324] is **DENIED WITHOUT PREJUDICE**.  As explained in footnote 1 above, if the Government maintains that it can waive the exhaustion requirement and if it determines to waive the exhaustion requirement in this case, the Government shall file a Notice to that effect within two business days of the date of this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of May, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant, Counsel of Record